■ IRVING R. PIERCE, Appellant, v. MABEL B. DICKENSON, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated August 29, 1960, as denied conditionally the defendant's motion to strike the action from the Trial Calendar; the condition being that " the plaintiff afford the said defendant an opportunity to examine the plaintiff before trial at such time and place as agreed upon." Plaintiff contends that the motion should have been denied unconditionally. Order modified by striking out its decretal paragraph, and by substituting therefor a provision denying unconditionally the defendant's said motion. As so modified, the order, insofar as appealed from, is affirmed,

with $10 costs and disbursements to appellant. In our opinion, in view of the fact: (a) that defendant first served a notice to examine plaintiff approximately 35 days after service and filing of the note of issue; and (b) that in support of her motion to strike the action from the calendar defendant made no showing of any special circumstances warranting such departure from this court's former Statement of Readiness Rule (rescinded March 1, 1962), there was no warrant for imposing the condition. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.